COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

NO. 2-06-166-CV



 

 

CLINICAL CARE PHARMACY, L.L.C.                                     APPELLANTS

AND
ANJANETTE WYATT

 

                                                   V.

 

AMERISOURCEBERGER
CORPORATION                                     APPELLEE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

------------

Appellants
Clinical Care Pharmacy, L.L.C. and Anjanette Wyatt are attempting to appeal the
trial court=s default judgment in favor of appellee
Amerisourceberger Corporation.  Because
appellants= notice of appeal was untimely filed, we
dismiss the appeal for want of jurisdiction.








The trial court=s default judgment
was signed January 24, 2006.  Appellants
filed a motion for new trial in the trial court on February 27, 2006Cfour days after
the deadline for filing a motion for new trial. 
See Tex. R. Civ. P.
329b(a) (providing that a motion for new trial shall be filed within thirty
days after the judgment is signed).  The
record does not reveal whether this motion for new trial was timely under the
mailbox rule.  See Tex. R. Civ. P. 5 (providing that a
document properly mailed on or before the last day for filing is timely if
received by the clerk within ten days). 
Regardless, appellants did not file their notice of appeal until May 11,
2006, which appears untimely under any calculation of the appellate deadline.[2]

Because appellants= notice of appeal
appeared untimely, we notified them on May 25, 2006, of our concern that this
court may not have jurisdiction over the appeal and informed them that unless
they or any party desiring to continue the appeal filed with the court a
response showing a reasonable explanation for the late filing of the notice of
appeal, this appeal would be dismissed for want of jurisdiction.  See Tex.
R. App. P. 10.5(b), 26.3(b), 42.3(a). 
We have received no response.

 

 

 

 








The times for
filing a notice of appeal are jurisdictional in this court, and absent a timely
filed notice of appeal or an extension request, we must dismiss the
appeal.  See Tex. R. App. P. 25.1(b), 26.3; Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). 
Because appellants= notice of appeal was not timely  filed, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

 

PER CURIAM

 

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON,
J.

 

DELIVERED: July 13, 2006

 











[1]See Tex. R. App. P.
47.4.





[2]While a notice of appeal in a restricted appeal may be
filed within six months after the judgment is signed, see Tex. R. App. P. 26.1(c), appellants= notice
of appeal did not contain the information required for a restricted
appeal.  See Tex. R. App. P. 25.1(d)(7).